Filed 2/10/15  In re I.R. CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re I.R., a Person Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>JESSICA J.,<br><br>　　　Defendant and Appellant. | F069916<br>(Super. Ct. No. JD131786-00)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from orders of the Superior Court of Kern County.  Louie L. Vega, Judge.

Jesse F. Rodriguez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Kane, Acting P.J., Detjen, J., and Smith, J.

Jessica is the mother of one-year-old I. On July 30, 2014, the juvenile court terminated her parental rights as to I. (Welf. & Inst. Code, § 366.26)[1] and she appealed. After reviewing the juvenile court record, Jessica's court-appointed counsel informed this court he could find no arguable issues to raise on Jessica's behalf. This court granted Jessica leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H*. (2009) 47 Cal.4th 835, 844 (*Phoenix H*.).)

Jessica submitted a letter in which she contends she completed a parenting class and a substance abuse treatment program while in jail but did not have certificates to verify that at the termination hearing. She asks for leave to file a supplemental brief raising these issues.

We conclude Jessica failed to address the termination proceedings or set forth a good cause showing that any arguable issue of reversible error arose from the termination hearing. (*Phoenix H*., *supra*, 47 Cal.4th at p. 844.) Consequently, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

Dependency proceedings were initiated in November 2013 when the Kern County Department of Human Services (department) took then five-day-old I. into protective custody at the hospital after he tested positive for amphetamines. Jessica had attempted to deliver I. at home but had to be transported to the hospital after she hemorrhaged. She admitted using methamphetamine and Vicodin a week before.

Jessica has a long history of substance abuse and child welfare intervention. In 2002, she gave birth to a daughter who tested positive for amphetamines. Jessica was provided six months of reunification services but failed to comply. Jessica's parental rights were terminated and the child was adopted in October 2004. That same month,

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

Jessica's second daughter was taken into protective custody and adjudged a dependent because of Jessica's drug use. Jessica was provided six months of services but again failed to comply. Her parental rights were terminated and the child was freed for adoption. In May 2011, Jessica left her son and daughter in the care of their maternal aunt who was under the influence of methamphetamine. The aunt left the children in the bathtub with the water running and the drain plugged. When the aunt returned, Jessica's son was floating face down in the water. Jessica waived reunification services and the children were ordered into a permanent plan of legal guardianship.

The juvenile court adjudged I. its dependent and in April 2014 denied Jessica and I.'s father reunification services and set a section 366.26 hearing. By that time, Jessica had been arrested on felony charges and was incarcerated. The department placed I. with a non-relative extended family member who adopted two of his half-siblings.

In July 2014, Jessica appeared in custody with her attorney at the section 366.26 hearing and informed the court that she completed parenting and child neglect classes and a 72-hour substance abuse program while in custody. Her attorney asked the court to continue the hearing so that he could file a section 388 petition requesting reunification services. The court denied the request but allowed Jessica to address the court. Jessica admitted that she made bad choices, but explained that she did not know how to be a mother because she never had one. She said she had been living on the streets her whole life and wanted to break her cycle of losing custody of her children. She asked for more time to demonstrate that she could properly care for I.

The juvenile court terminated Jessica's parental rights, explaining it had to act in I.'s best interests. This appeal ensued.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is appellant's burden to raise claims of reversible

error or other defect and present argument and authority on each point made.  If appellant fails to do so, the appeal may be dismissed.  (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

At a termination hearing, the juvenile court's focus is on whether it is likely the child will be adopted and if so, order termination of parental rights.  (*In re Marilyn H*. (1993) 5 Cal.4th 295, 309.)  If, as in this case, the child is likely to be adopted, the juvenile court must terminate parental rights unless the parent proves there is a compelling reason for finding that termination would be detrimental to the child under any of the circumstances listed in section 366.26, subdivision (c)(1)(B) (exceptions to adoption).

In this case, Jessica did not argue that any of the exceptions to adoption applied. Instead, she in essence asked the court to suspend adoption proceedings so that she could reopen the issue of reunification services.  However, given the late stage of the proceedings and Jessica's history of drug abuse and failed attempts at reunification, the juvenile court had no choice but to terminate her parental rights and institute a permanent plan for I.

**DISPOSITION**

This appeal is dismissed.